UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COLIN TRUEMAN, on Behalf of Himself and Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN OIL & GAS, INC., PATRICK D. O'BRIEN, ANDREW P. CALERICH, JON R. WHITNEY, C. SCOTT HOBBS, NICK DEMARE, HESS INVESTMENT CORP., and HESS CORPORATION,<br><br>    Defendants. | Case No.: 2:10-cv-01540-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Consolidate and Transfer–#11, Motion for Emergency Remand–#14) |

  Before the Court is Defendants Hess Corporation, and Hess Investment Corporation's (collectively, "Hess") **Motion to Consolidate and Transfer** (#11) and Supplement (#12), both filed September 20, 2010. The Court has also considered Plaintiff Colin Trueman's Opposition (#19), filed October 7, 2010, and Hess' Reply (#23), filed October 18, 2010. Defendants American Oil and Gas, Inc. ("American Oil"), Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, C. Scott Hobbs, Nick Demare (collectively, the "Directors") filed a Joinder in Motion (#21) on October 21, 2010.

1

1  Additionally before the Court is Trueman's **Motion for Emergency Remand**
2  (#17), filed September 24, 2010. The Court has also considered Hess' Opposition (#20), filed
3  October 12, 2010, and Trueman's Reply (#27), filed October 22, 2010.

## BACKGROUND

5  On July 27, 2010, Defendants announced that they had entered a definitive merger
6  agreement ("Merger Agreement") in which Hess would acquire American Oil in a deal valued at
7  approximately $445 million. According to Trueman, an American Oil shareholder, the Directors
8  (each of whom is a member of American Oil's Board of Directors) breached their fiduciary duties
9  to the company's shareholders when they arranged the proposed merger that allegedly failed to
10  maximize shareholder value and by withholding or obscuring important information that
11  shareholders needed to sufficiently evaluate Hess' offer. (Dkt. #1, Ex. A, Compl. ¶¶ 7–9.)
12  Additionally, Trueman argues that American Oil aided and abetted the Directors' breach of
13  fiduciary duty by working in tandem with the Directors to secure lucrative two-year termination
14  agreements for American Oil executives. (*Id.* ¶¶ 7, 71, 98–101.)

15  On August 30, 2010, Trueman commenced this action in the Eighth Judicial
16  District Court of the State of Nevada. Trueman alleges the following causes of action: (1) breach
17  of fiduciary duties against the Directors; (2) aiding and abetting the Individual Defendants' breach
18  of fiduciary duty against American Oil; and (3) aiding and abetting the Individual Defendants'
19  breach of fiduciary duty against Hess. On September 9, Defendants American Oil and the
20  Directors removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

21  Defendants now ask the Court to consolidate and transfer this case and several
22  other related shareholder actions to the United States District Court for the District of Colorado.
23  In response, Trueman asks the Court to remand this case arguing that the joinder of American Oil,
24  a Nevada corporation, defeated complete diversity for purposes of removal. Defendant American
25  Oil asserts that it was fraudulently joined and therefore does not defeat complete diversity. For the
26  ///

reasons discussed below, the Court grants Trueman's Motion for Emergency Remand and denies Defendants' Motion to Consolidate and Transfer as moot.

## DISCUSSION

Because remand of this case will end the Court's ability to consolidate and transfer as requested in Defendants' motion, the Court will concentrate its analysis on the jurisdictional issues Trueman raises in his Motion for Remand.

**I.      Trueman's Motion for Remand**

   **A.      Legal Standards**

A defendant may remove an action from a state court to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). A defendant who wants to remove his case must file a notice of removal in the district court containing, *inter alia*, a short plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The burden of establishing federal jurisdiction is placed on the party seeking removal. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004). Consequently, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Thus, a district court with proper jurisdiction lacks discretion to remand. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

If a defendant has improperly removed a case over which the federal court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c). When reviewing a motion to remand, a district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)). Thus, a district court should deny a motion to remand if the case was properly removed to the district court. *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir. 1984). Nevertheless, a district court must construe the removal statutes strictly against removal and

1  resolve any uncertainty in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980

2  F.2d 564, 566 (9th Cir. 1992).

3         **B.**       **Diversity Jurisdiction**

4         To establish subject matter jurisdiction pursuant to diversity of citizenship, the

5  party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing

6  parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The Court

7  agrees with the parties that the Merger Agreement comfortably exceeds the amount in controversy

8  requirement. However, the parties disagree about the existence of complete diversity. Complete

9  diversity exists among Trueman, a Nevada resident, and all opposing parties—except American

10 Oil, which is a Nevada corporation. Although a Nevada defendant's presence would typically

11 defeat complete diversity, Defendants argue that American Oil was fraudulently joined in this suit

12 and, therefore, complete diversity still exists under an exception. Alternatively, Defendants argue

13 that American Oil is a nominal party, which would also preserve diversity jurisdiction.

14        **1.**       **Fraudulent Joinder Exception**

15        Although an action may be removed to federal court only where there is complete

16 diversity of citizenship, "one exception to the requirement for complete diversity is where a

17 non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d

18 1061, 1067 (9th Cir.2001). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action

19 against a resident defendant, and the failure is obvious according to the settled rules of the state.'"

20 *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting

21 *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)). In such a case, the district

22 court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*,

23 236 F.3d at 1067. "The defendant seeking removal is entitled to present the facts showing the

24 joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. However, the party asserting fraudulent

25 joinder carries a "heavy burden" of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039,

26 1046 (9th Cir. 2009). "The defendant must demonstrate that there is *no possibility* that the

1  plaintiff will be able to establish a cause of action in state court against the alleged sham
2  defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).
3  　　　　　Trueman brings suit against American Oil for aiding and abetting the Directors'
4  breach of fiduciary duty. Specifically, Trueman alleges that the Directors breached their fiduciary
5  duty by securing "golden parachutes" for themselves and American Oil executives. (*Id.* ¶¶ 71-73).
6  Defendants assert that Trueman has fraudulently joined American Oil because a corporation is
7  incapable of aiding and abetting a breach of fiduciary duty to its shareholders. Generally, a
8  corporation cannot be held liable for conspiring with, or aiding and abetting, its officers or
9  directors who owe a fiduciary duty to its shareholders for purposes of establishing jurisdiction.
10 *Amaysing Tech Corp. v. Cyberair Commc'n, Inc.*, Civ. A. 19890-NC, 2005 WL 578972, at *7
11 (Del. Ch. Mar. 3, 2005).[1] However, this general rule may not apply "when the officer or agent of
12 the corporation steps out [his or] her corporate role . . . and acts pursuant to personal motives." *Id.*
13 Such actions pursuant to personal motives may give rise to a "personal stake" exception. *See id.*;
14 *see also Johnston v. Baker*, 445 F.2d 424, 427 (3d Cir. 1971) (finding that a conspiracy existed
15 where there was "evidence to support the finding that [defendants] were acting for personal
16 reasons").
17 　　　　　Here, Trueman alleges facts that might trigger a personal stake exception.
18 Trueman's complaint explicitly alleges that the Directors and company executives committed
19 intentional acts to maximize their personal profits and withhold important information to the
20 detriment of American Oil's shareholders. Thus, Trueman could potentially invoke the personal
21 stake exception to state a valid claim against American Oil. Even if Trueman's claims against
22 American Oil are potentially invalid, merely showing that a claim against a purported sham
23 defendant might be dismissed does not establish fraudulent joinder. *See Bertrand v. Aventis*
24 *Pasteur Labs, Inc.*, 226 F. Supp. 2d 1206, 1213 (D. Ariz. 2002); *see also Plute v. Roadway*

---

[1] Absent Nevada authority, courts look to Delaware and New York common law in interpreting similar breach of fiduciary duty claims. *Cohen v. Mirage Resorts, Inc.*, 62 P.3d 720, 727 n.10 (Nev. 2003).

*Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand."). The Court therefore finds that Defendants have failed to establish that Trueman fraudulently joined American Oil to this action.

### 2. Nominal Party Exception

Additionally, it is an established rule that the presence of a "nominal" party need not destroy diversity jurisdiction. *See Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002). A nominal defendant is "a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute'." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). "The paradigmatic nominal defendant is 'a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection'." *Id.* (quoting *Cherif*, 933 F.2d at 414).

Contrary to Defendants' position, Trueman asserts that American Oil is a not a nominal party. American Oil is a primary party to the Merger Agreement on which this action was based. Moreover, the "no shop" provision, "matching rights" provision, and American Oil's potential exposure to a significant termination fee demonstrates that American Oil is not in a "possessory capacity" with no real interest in the case. *Colello*, 139 F.3d at 676. Thus, American Oil does not meet the nominal party exception to maintain complete diversity.

### C. Necessary Party

Trueman also asserts that American Oil is a necessary party to this case under Rule 19(a) of the Federal Rule of Civil Procedure. Pursuant to Rule 19(a), a party must be joined as a "necessary" party in two circumstances: "(1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *In re County of Orange*, 262 F.3d 1014, 1022 (9th Cir. 2001) (quotation omitted). Applying the first circumstance, Defendants fail to sufficiently support their claim that adequate relief could be granted in American Oil's absence. Indeed, Trueman specifically demands relief

enjoining Defendants, including American Oil, from consummating the Proposed Merger and rescinding any implemented terms. The second circumstance is inapplicable to this case. Based on its involvement in the Merger Agreement, Trueman may have valid claim that American Oil could be a necessary party to this suit.

In sum, the Court finds that Defendants have failed to show that Trueman fraudulently joined American Oil or that American Oil is a nominal party in order to maintain complete diversity in this case. Notwithstanding this conclusion, Trueman could potentially show that American Oil is a necessary party to this action. Accordingly, American Oil's presence here destroys diversity and remand is appropriate. *See Gaus*, 980 F.2d at 566 (9th Cir. 1992).

## II.    Defendants' Motion for Consolidation and Transfer

Because the Court now grants Trueman's Motion to Remand, Defendants' Motion to Consolidation and Transfer is moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Truemans' Emergency Motion to Remand (#14) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Consolidate and Transfer (#11) is DENIED as moot.

Dated: February 14, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**

7